12-1914-cr
United States v. Spencer

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of March, two thousand thirteen.

PRESENT: DENNIS JACOBS,
                                    **Chief Judge**,
                JOSÉ A. CABRANES,
                CHESTER J. STRAUB,
                                    **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
          **Plaintiff-Appellant**,

          -v.-                                    12-1914-cr

STACEY T. SPENCER, SR.,
          **Defendant-Appellee**.
- - - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:                    MONICA J. RICHARDS, Assistant
                                  United States Attorney, <u>for</u>
                                  William J. Hochul, Jr., United
                                  States Attorney for the Western
                                  District of New York, Buffalo,
                                  New York.

1

**FOR APPELLEE:**          EDWARD EARL KEY, Law Office of Edward Early Key, Buffalo, New York.

Appeal from an order of the United States District Court for the Western District of New York (Skretny, <u>C.J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the district court be **AFFIRMED**.

The United States of America appeals from the order of the United States District Court for the Western District of New York (Skretny, <u>C.J.</u>), adopting the report and recommendation of the magistrate (Scott, <u>M.J.</u>), granting Stacey T. Spencer, Sr.'s motion to suppress evidence discovered pursuant to a search of his car. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

In reviewing a district court's grant of a motion to suppress, we review the factual findings for clear error, viewing the facts in the light most favorable to the prevailing party, and we review legal conclusions <u>de novo</u>. <u>United States v. Murphy</u>, 703 F.3d 182, 188-89 (2d Cir. 2012).

When a search is conducted pursuant to a subject's purported consent, the government must "demonstrate that the consent was in fact voluntarily given, and not the result of duress or coercion, express or implied." <u>Schneckloth v. Bustamonte</u>, 412 U.S. 218, 248-49 (1973). "The standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of 'objective' reasonableness--what would the typical reasonable person have understood by the exchange between the officer and the suspect?" <u>Florida v. Jimeno</u>, 500 U.S. 248, 251 (1991). Here, the magistrate judge made a finding (which the district court adopted) that Spencer "ambiguously consented to search a vehicle he . . . did not possess, a truck," *or* that Spencer "was making a glib statement not intended to consent to anything." J.A. 188. Those findings are not clearly erroneous. We therefore cannot hold that Spencer consented to the search at issue, and the government has declined to press on appeal any argument premised on abandonment.

2

For the foregoing reasons, and finding no merit in the government's other arguments, we hereby **AFFIRM** the order of the district court.

                          FOR THE COURT:
                          CATHERINE O'HAGAN WOLFE, CLERK